**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-CV-61369-ALTMAN/HUNT**

MICHAEL R. MORTON

        Plaintiff,

-vs-

WELLS FARGO, N.A.,

        Defendant.

**STIPULATED PROTECTIVE ORDER**

IT IS HEREBY STIPULATED by and between Plaintiff MICHAEL R. MORTON ("Plaintiff") and Defendant WELLS FARGO BANK, N.A. ("Wells Fargo"), through their respective attorneys of record, as follows:

WHEREAS, documents, testimony and information may be sought, produced, or exhibited by and among the parties relating to trade secrets, proprietary systems, confidential commercial information, confidential applicant, customer, or employee information, confidential research and development, or other proprietary information belonging to Defendant and/or credit, personal, and other confidential information belonging to Defendant, third parties, and/or other confidential information of Plaintiff.

WHEREAS, Plaintiff and Defendant acknowledge that there exists a possibility that a party may produce documents which would otherwise be subject to a claim of privilege.  The

parties acknowledge and agree that the protections of Federal Rule of Evidence 502(b) shall govern the production of such documents and prevent the waiver of any privileges or protections.

1.       This Stipulated Protective Order ("Order") shall govern the use, handling, and disclosure of all documents, testimony, or information produced or given in this action[1] and designated in accordance with this Order.

2.       Any documents, testimony, or information submitted, either voluntarily or pursuant to any subsequent order, which is asserted in good faith by the producing party or by any other party to contain or constitute information protected by Federal Rule of Civil Procedure 26(c)(1) or other provision of law, including information subject to a contractual duty of confidentiality owed to a third party, shall be so designated in writing, or orally at a deposition, hearing, or trial, and shall be segregated from other information being submitted.  Materials so designated shall be clearly marked on their face with the legend: "CONFIDENTIAL."  Such documents, transcripts, or other materials are referred to herein as "CONFIDENTIAL MATERIALS."  To the extent electronically stored information is produced in a format that makes the producing party unable to mark such designation on the face of the document (e.g., native Excel files or database exports), the producing party shall add the abbreviation "CONF" to the file name of such documents.

3.       No person shall use any CONFIDENTIAL MATERIALS, or any information derived therefrom (including but not limited to all testimony, deposition or otherwise, that refers, reflects, or otherwise discusses any such materials), directly or indirectly, for any business, commercial, or competitive purposes or for any purpose whatsoever other than solely for the

---

[1] As it relates to this Order and any exhibits reflecting a stipulation to this Order, "this action" is defined to include (i) remand of this action and (ii) appeal of this action, regardless of the case number that may be assigned to the case in either of such events.

discovery, the preparation, and trial of this action, and/or in accordance with this Order. The parties agree that CONFIDENTIAL MATERIALS produced in discovery in this action shall not be used by the receiving party in any other legal or administrative proceedings.

4. In the absence of prior written permission from the designating party or an order by the Court, no person shall disclose CONFIDENTIAL MATERIALS to any person other than: (i) the parties, their attorneys of record, and those attorneys' support staff employees who perform work tasks related to this action; (ii) qualified persons taking testimony involving such material and necessary stenographic and clerical personnel; (iii) disclosed experts or consulting experts and their staff employed for this litigation; (iv) present or former employees of the producing party in connection with their depositions in this action; (v) any governmental agency formally requesting such information or documents by subpoena, written notice, or other civil investigative demand, with notice provided to the designating party within five (5) days of receipt of the request and no fewer than twenty-one (21) days before disclosure or production, and this Court shall retain jurisdiction to hear any objection that either Plaintiff or Defendant may have to providing documents in response to such a request; and (vi) the Court, Court personnel, and members of any jury impaneled to hear this action.

5. No person shall disclose CONFIDENTIAL MATERIALS to any person designated in paragraphs 4(iii) unless he or she has executed a written, dated declaration in the form attached hereto as Exhibit A, acknowledging that he or she has first read this Order, agreed to be bound by the terms hereof, agreed not to reveal such CONFIDENTIAL MATERIALS to anyone, and agreed to utilize such CONFIDENTIAL MATERIALS solely for the purposes of this litigation. The Court hereby enjoins all persons to whom CONFIDENTIAL MATERIALS

are disclosed from disclosing the same to any person or using the same, except as provided in this Order.

6. No person receiving or reviewing CONFIDENTIAL MATERIALS shall disseminate or disclose them to any person other than those described above for the purposes specified, and in no event shall the described persons make any use of CONFIDENTIAL MATERIALS beyond the purposes specified in this order.

7. Any party seeking to file CONFIDENTIAL MATERIALS with the Court shall file such materials in accordance with Local Rules and procedures for filing documents under seal. Nothing in this Order shall restrict a party from filing with the Court materials that it alone has designated as CONFIDENTIAL MATERIALS.

8. The inadvertent or unintentional disclosure of CONFIDENTIAL MATERIALS by a producing party without the appropriate designation shall not be deemed a waiver in whole or in part of the party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same subject matter provided that the disclosure is inadvertent, the producing party took reasonable steps to prevent disclosure, and the producing party promptly took reasonable steps to rectify the error. The receiving party, upon the producing party's request or upon its own initiative at such time as it reasonably and in good faith believes itself to be in possession of inadvertently produced materials, whichever occurs first, shall promptly return the inadvertently produced materials, and all copies of those materials that may have been made. Any notes regarding those materials shall be destroyed.

9. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Order, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party objecting

to the designation may seek appropriate relief from the Court. During the pendency of any challenge to the designation of a document or information, the designated document or information shall be continue to be treated as "CONFIDENTIAL MATERIALS" subject to the provisions of this Order.

10. Excluding pleadings and documents filed with the Court, within sixty (60) days after the conclusion of this action, upon written request, the parties shall assemble and return to the designating party all materials containing CONFIDENTIAL MATERIALS. The receiving party may elect to destroy such materials rather than return them, in which case the party shall provide written verification that the receiving party has destroyed the materials, including any summaries, extracts, compilations, notes, or other attorney work product containing CONFIDENTIAL MATERIALS.

11. This Order shall remain binding after the conclusion of this action unless otherwise ordered by the Court, and the Court shall retain jurisdiction over all parties bound hereby for the purposes of enforcing this Order. Each individual signing the acknowledgement attached as Exhibit A agrees to be subject to the jurisdiction of this Court for purposes of this Order.

12. No party may use the entry of this Order, nor the designation of any material as "CONFIDENTIAL," nor the failure to make such designation, as evidence on any issue in this action. A party's designation of materials as "CONFIDENTIAL" does not waive that party's objection to any discovery on the ground that it seeks information protected by Federal Rule of Civil Procedure 26(c) or any other provision of law.

13. Nothing in this Order shall be deemed a waiver by a party of any objections that might be raised as to the relevance or admissibility at trial of evidentiary materials.

14. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to information obtained or developed independently of materials afforded confidential treatment pursuant to this Order.

15. Third parties who are the subject of discovery requests, subpoenas, or depositions in this action may take advantage of this Order by providing Plaintiff and Defendant with written notice that they intend to comply with and be bound by the terms of this Order.

**IT IS SO ORDERED.**

DATED: November 1, 2021

*[signature]*

PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Dated this 29th day of October, 2021.

By: */s/ Rebecca S. Saelao*
REBECCA S. SAELAO (Fla. Bar No. 1011101)
SEVERSON & WERSON
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Tel.: (415) 398-3344; Fax: (415) 956-0439
rss@severson.com

Attorneys for Defendant
WELLS FARGO BANK, N.A.

Dated this 29th day of October, 2021.

                        By: */s/ Edward Scott Golden*
                             E. SCOTT GOLDEN (Fla. Bar No. 330442)
                             M. MENDEL KASS (Fla. Bar No. 1010254)
                             GOLDEN LAW
                             644 S.E. 4th Avenue
                             Ft. Lauderdale, FL 33301
                             Tel.: 954-764-6766, Fax: 954-764-6789
                             sgolden@goldenlawfl.com
                             mkass@goldenlawfl.com

                             Attorneys for Plaintiff
                             Michael Morton

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-CV-61369-ALTMAN/Hunt

MICHAEL R. MORTON

        Plaintiff,

-vs-

WELLS FARGO, N.A.,

        Defendant.

**EXHIBIT A TO STIPULATED PROTECTIVE ORDER**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of Florida on [date] in this action. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of Florida for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone

number] as my agent for service of process in connection with this action or any proceedings

related to enforcement of this Stipulated Protective Order.

Date: _____
City and State where sworn and signed: _____

Printed name: _____
[printed name]

Signature: _____
[signature]